UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-426-JBC

JOHN D. EASTERLING, PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

DEBRA A. HICKEY, Warden, ET AL., DEFENDANTS

Plaintiff John D. Easterling ("Easterling"), an inmate at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971), concerning the termination of his prison job at UNICOR.[1] In a prior Order, the Court granted Easterling's motion to proceed *in forma pauperis*.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Since Easterling is representing himself, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in such a complaint are taken as true and liberally construed in favor of the plaintiff. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.

---

[1] Under *Bivens*, a plaintiff can assert a claim for money for injuries sustained as a result of a federal agent's violation of the constitution while acting under his federal authority. *See Bivens, supra,* 403 U.S. at 397 (1971); *Salt Lick Bancorp v. F.D.I.C.*, 187 *Fed. Appx.* 428, 440 (6th Cir. 2006).

2001). However, under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss a case at any time if it determines the action is either frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff has named the following defendants: (1) Debra A. Hickey, FMC-Lexington Warden; (2) Brent Mulvaney, UNICOR Quality Control Supervisor; (3) Todd Cromer, UNICOR Production Supervisor Line 5 Cable; (4) Scott Minor, UNICOR Business Officer Manager; and (5) James Oldham, UNICOR Assistant Factory Manager.

## CLAIMS ASSERTED AND RELIEF SOUGHT

Easterling claims that on February 4, 2010, he was wrongfully terminated from his UNICOR[2] prison job. He states that on that day, he was assigned to perform a job (attaching history tags to cables) that (1) was not within his job description and was not his responsibility to perform,[3] and (2) was a job for which he had received no prior training until that day. He further asserts that he performed this assignment as

---

[2] The BOP has established a work program, through which certain qualified federal inmates are allowed the opportunity to participate in prison work programs. 28 C.F.R. § 345.10. The program is known as the Federal Prison Industries, Inc. ("FPI"), and is a government corporation organizationally within the BOP whose mission is to provide work simulation programs and training opportunities for inmates confined in federal correctional facilities. *See* 28 C.F.R. § 345. 11(a).

The commercial or "trade" name of the FPI is UNICOR. Most FPI factories or shops are commonly referred to as "UNICOR." The Superintendent of Industries ("SOI"), also referred to as Associate Warden/Industries and Education, is responsible for the efficient management and operation of a FPI factory. 28 C.F.R. § 345.11(b).

[3] Easterling asserts that per the Quality Inspectors In-process Procedures Manual, it was the function of Quality Control to perform this job, and specifically, the responsibility of a Production Supervisor.

2

instructed, but that at the end of the work day, UNICOR Assistant Factory Manager James Oldham advised him that UNICOR Business Manager Scott Minor had notified him that Easterling's employment with UNICOR had been terminated.

Easterling states that the following day, he was charged in an incident report with Failure to Perform Work as Instructed by the Supervisor, a Code 311 violation. This incident report proceeded to a Uniform Disciplinary Committee ("UDC") hearing. On February 8, 2010, the UDC sanctioned Easterling with a 12-month loss of his UNICOR job.

Easterling seeks expungement of the incident report, reinstatement of his UNICOR employment in his previous grade, with his previous longevity status, back pay for all days of work he missed, including pay for all vacation days and holidays, reassignment from Cable 5 to the Battery Division Line, and compensatory damages of $250,000.00.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. § 542.13-15. The documentation attached to Easterling's complaint reflects that he has exhausted his administrative remedies concerning his present claim; thus, he has the right to proceed in federal court under *Bivens* for judicial review of this claim.

3

Turning now to the merits of Easterling's claims, he fails to state any claim for which relief can be granted, as a prisoner has no constitutional right to prison employment or to a particular prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989); *Martin v. O'Brien*, 207 F. App'x. 587, 590, 2006 WL 3488742, **2 (6th Cir. (Ky.), December 4, 2006); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995). As seen in *Karacsonyi v. Radloff*, 885 F. Supp. 368 (N. D. N. Y 1995), prison officials have broad discretion in denying federal inmates the opportunity to participate in UNICOR, and a federal prisoner's participation in UNICOR does not confer a liberty interest sufficient to trigger a constitutional due process protection. In short, Easterling has no federally cognizable liberty interest in the UNICOR job. Further, as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir.1989); *Carter v. Tucker*, 69 F. App'x. 678, 680, 2003 WL 21518730, **2 (6th Cir. (Tenn.), July 1, 2003).

Accordingly, Easterling asserts no viable constitutional challenge to the termination of his employment with UNICOR or to the loss of past wages from that prison job, under either the Due Process clause of the Fifth Amendment or the framework of the Eighth Amendment. Simply put, the loss of benefits attendant to a UNICOR prison job is not an atypical and significant condition relative to the conditions of confinement. Easterling is not entitled to any back pay from his UNICOR prison job. *See Bulger v. United States Bureau of Prisons*, 65 F.3d at 49-50.

## **CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) The complaint is **DISMISSED** for failure to state a constitutional claim for which relief may be granted.

(2) This action will be **STRICKEN** from the active docket; and,

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

Signed on December 30, 2011 
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY